Wilmington Sav. Fund Socy. v Jsang Kei Lau (2024 NY Slip Op 05504)

Wilmington Sav. Fund Socy. v Jsang Kei Lau

2024 NY Slip Op 05504

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kern, J.P., Oing, Kapnick, Higgitt, Michael, JJ. 

Index No. 104792/09 Appeal No. 2339 Case No. 2022-05487 

[*1]Wilmington Savings Fund Society etc., Plaintiff-Respondent,
v
Jsang Kei Lau et al., Defendants, Zong Lau, Nonparty Proposed Intervenor-Appellant.

Zong Lau, appellant pro se.
Craig Stuart Lanza, P.C., Brooklyn (Craig Stuart Lanza of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered November 4, 2022, which, to the extent appealed from, denied nonparty proposed intervenor-appellant Zong Lau's motion for substitution and for a stay of the foreclosure sale, unanimously modified, on the law, to grant the motion to the extent of joining Zong Lau and Hui Lau as necessary party defendants to this action and otherwise affirmed, without costs.
In 2006, defendant Jsang Kei Lau executed a mortgage encumbering real property located at 62 Rivington Street, Unit 8B in Manhattan. In February 2009, plaintiff commenced an action to foreclose on the mortgage, after defendant stopped making mortgage payments. Jsang Kei Lau died intestate in November 2020 during the COVID-19 pandemic and is survived only by his two daughters, Zong Lau and Hui Lau. In April 2022, Supreme Court, after being informed by Zong Lau that defendant was deceased, nevertheless entered a judgment of foreclosure and sale against decedent. The foreclosure sale was scheduled for November 9, 2022. In October 2022 Zong Lau, appearing pro se, moved pursuant to CPLR 1001 (a), 1015 (a), 1018, and 1021 to be substituted for the decedent and for a stay of the foreclosure sale. Supreme Court denied the motion for substitution and sua sponte cancelled the sale for lack of proper notice. Zong Lau appeals.
Pursuant to RPAPL 1311 (1) the necessary defendants to a foreclosure action are "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein." "Where a property owner dies intestate, title to real property is automatically vested in his or her distributees" (U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747 [2d Dept 2020]; see also Matter of CIT Bank, N.A. v Gould, 191 AD3d 424 [1st Dept 2021]). In this case, Zong Lau and Hui Lau are the sole surviving issue and heirs-at-law to defendant's interest in the property. Thus, they are necessary parties to this action as decedent's distributees (CPLR 1001 [a]; see Gedeon, 181 AD3d at 747).
Because the November 9, 2022 foreclosure sale was cancelled sua sponte by the court, that portion of the appeal seeking to stay the sale is moot.
The Decision and Order of this Court entered herein
on May 21, 2024 is hereby recalled and vacated
(see M-02762 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024